IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HEALIX INFUSION THERAPY, INC., )<br>)<br>Plaintiff, )<br>and )<br>)<br>MISSOURI BANK AND TRUST )<br>COMPANY OF KANSAS CITY, )<br>)<br>Intervenor, )<br>)<br>v. )<br>)<br>VIVEK SAHGAL, M.D., P.A., )<br>)<br>Judgment Debtor, )<br>)<br>v. )<br>)<br>UMB FINANCIAL SERVICES, INC., )<br>)<br>Garnishee. )<br>)<br>_____) | Case No. 13-mc-226-JWL |

**MEMORANDUM AND ORDER**

This case is a garnishment action filed by plaintiff Healix Infusion Therapy, Inc. ("Healix") to collect a judgment against debtor Vivek Sahgal, M.D., P.A. ("the Debtor") issued by the United States District Court for the Southern District of Texas. This matter came before the Court for an evidentiary hearing on March 25, 2014, which included appearances by Healix, the Debtor, garnishee UMB Financial Services, Inc. ("UMB"), and intervenor Missouri Bank and Trust Company of Kansas City ("Missouri Bank").

Based on the evidence presented at the hearing and the parties' arguments at the hearing and in briefs submitted to the Court, the Court rules as follows: Healix has not carried its burden to disprove the statements in UMB's answer to the garnishment order, and therefore the Court declines to order that any funds held by UMB be subject to garnishment in this action.

## I. **Procedural History**

On September 17, 2013, the Court issued an order of garnishment of any funds held by UMB belonging to the Debtor (Doc. # 57). The Debtor did not exercise its right pursuant to K.S.A. § 60-735 to request a hearing to assert any claim of exemption with respect to the garnishment order issued to UMB. On October 1, 2013, UMB filed its answer (Doc. # 73), by which it stated that it did not hold any funds belonging or owing to the Debtor. On October 9, 2013, Healix filed its reply (Doc. # 83), in which it disputed the statement in UMB's answer and requested a hearing on disputed issues pursuant to K.S.A. § 60-738.

The Court conducted a hearing on October 15, 2013. The Court did not receive any evidence at that time, but it ordered additional briefing, and Healix and UMB did submit additional briefs (Doc. ## 100, 98). At a telephone conference conducted on October 28, 2014, the Court stayed any issues relating to funds held by UMB in light of the pending bankruptcy case filed by Vivek Sahgal, the Debtor's owner. The Court lifted the stay on January 28, 2014, after the dismissal of the bankruptcy case, and it

2

ordered briefing on the motion to intervene that had been filed by Missouri Bank (Doc. # 103), who asserted an interest in any funds of the Debtor held by UMB. At a status telephone conference on March 6, 2014, the Court granted the motion to intervene, and Healix and Missouri Bank subsequently stipulated that they had reached agreement concerning the division of any funds of the Debtor ultimately recovered from UMB (Doc. # 117).

The Court set an evidentiary hearing for March 25, 2014, to address issues related to UMB's answer to the garnishment order. On March 20, 2014, interested party Mr. Sahgal submitted a brief concerning the ownership of the funds held by UMB.[1] At the hearing, the Court heard testimony from one witness, a vice-president at UMB, and it admitted seven documents into evidence.

## II.     **Burden of Proof**

The Court first addresses the issue of which party bears the burden of proof in this case. Healix argued in its briefs that the Debtor bears the burden to show that funds in a particular account at UMB are not subject to garnishment in this case, pursuant to K.S.A. § 60-735. That statute provides that upon notice of a garnishment order, a judgment debtor may request a hearing to assert a claim of exemption, at which hearing "the judgment debtor shall have the burden of proof to show that some or all of the

---

[1] No party objected to the interested party's brief or the participation in the hearing by counsel for the Debtor.

property subject to the garnishment is exempt." *See id.*; *see also LSF Franchise REO I, LLC v. Emporia Restaurants, Inc.*, 283 Kan. 13, 26 (2007) (in a case in which the garnishee answered that it had accounts of the debtor subject to garnishment and the debtor filed an objection to the garnishment, the debtor bore the burden of proof to show that it did not own the funds in the accounts at issue). Section 60-735 does not apply in this case, however, as UMB answered that it had no funds belonging to the Debtor, and the Debtor did not request a hearing to assert a claim of exemption.

Rather, the burden in this case is governed by K.S.A. § 60-738. That statute provides that either the judgment creditor or the judgment debtor may file a reply disputing any statement in the answer of the garnishee; that at the resulting hearing, the court "shall determine and rule on all issues related to the reply;" and that "[t]he burden of proof shall be upon the party filing the reply to disprove the statements of the answer." *See id.* In this case, Healix, as judgment creditor, filed a reply to UMB's answer, in which it disputed the statement that UMB did not hold funds of the Debtor. Therefore, in accordance with the statute, Healix bears the burden to disprove UMB's statement, which means that Healix must prove that UMB does hold funds belonging to the Debtor.[2]

---

[2] At the evidentiary hearing, counsel for Healix did not argue that the Debtor bore any burden in this case; nor did counsel take issue with the Court's repeated statement that Healix bore the burden to show that the funds belonged to the Debtor.

4

### III. <u>Analysis</u>

Healix asserts that an account held by UMB in the name of the "Vivek Sahgal MD PA Retirement Plan Trust" should be subject to garnishment in this case. The Court finds and concludes, however, that Healix has not met its burden to show that that account belongs to the Debtor.

As a preliminary matter, the Court notes that the Kansas Supreme Court has stressed that in garnishment proceedings the judgment creditor may only reach property "actually owned" by the debtor. *See LSF*, 283 Kan. at 21-23 (citing, *inter alia*, K.S.A. § 60-732(c)). Thus, if the UMB account belongs to a trust and not to the Debtor, that account is not subject to garnishment here. *Cf. id.* at 29-32 (considering argument that funds did not belong to the debtor because they were held in trust for the government, but rejecting that argument on the basis of a lack of evidence that funds were in fact held in trust).

At the hearing, the Court received evidence that UMB had an account in the name of a trust. *See id.* at 25 (no special designation is required by a bank to prevent funds from being garnished from an account belonging to a trust; rather, garnishment depends on whether the debtor owns the property in question). For instance, the account application received into evidence identifies the entity holding the account as Vivek S. Sahgal as trustee for the "Vivek Sahgal MD PA Retirement Plan Trust." Similarly, a computer screenshot for UMB's electronic record of the account indicates that the account belongs to the trust. An amended plan agreement from 2012 explicitly refers to

5

the plan as a trust involving a trustee. UMB's representative testified that the account was owned by a trust and not by the Debtor, and that the account was never used as an operating account for the Debtor.

Healix nevertheless has argued that the account belongs to the Debtor and not merely to the trust. For instance, Healix argues that the Debtor (a medical practice) and the trust have the same tax identification number (although a different number was given in the account application) and that the Debtor controlled the trust and reported its earnings to the IRS. Healix offered no evidence to establish such facts at the hearing, however, and the Court therefore will not consider those factual assertions.[3] Nor has Healix cited to any authority to support an argument that the trust should somehow be "pierced" to the effect that the trust's assets should be considered assets of the Debtor. Healix argues that the name on an account is not dispositive of the issue of its ownership. *See LSF*, 283 Kan. 13. The name does provide some evidence that the account is owned by the trust, however, and additional evidence supports ownership by the trust, as described above. Healix also notes that boxes identifying the account as a "trust" account were not checked on the account application; that evidence is outweighed, however, by the evidence that the account was held by the trust. Based on the evidence

---

[3] Healix cites the provision in the plan agreement that shields the trustee from liability if he acts at the direction of the employer (the Debtor) in making investments. Healix has submitted no evidence, however, that the Debtor in fact exercised any such control. Even if there were evidence of such control, the Court would not find such evidence sufficient to establish that the account was owned by the Debtor and not by the trust.

6

presented at the hearing, the Court finds that the account was in fact owned by the trust.

Healix also argues that the trust's funds should be deemed to have reverted to the Debtor pursuant to a provision in the plan agreement that states that the plan shall be void *ab initio*, with amounts returned to the Debtor, if the IRS, pursuant to an application, determines that the plan does not qualify as a tax-exempt plan under Sections 401 and 501 of the Internal Revenue Code. Healix has not submitted any evidence, however, that this contingency for reversion—a determination by the IRS that the plan does not qualify under the Code—has occurred. In fact, the only evidence in the record is to the contrary, as the Debtor has submitted evidence suggesting a favorable determination by the IRS in 2004 for the plan under Section 401 of the Code. Healix argues that there is no evidence of the particular plan that the IRS approved in 2004, as only the 2012 amended plan agreement was admitted into evidence. Healix bears the burden of proof on this issue, however, and it has submitted no evidence that the IRS made an *unfavorable* determination, as required for reversion. Accordingly, the Court rejects this argument by Healix.

Healix has not suggested any other reason why the UMB account should be deemed to belong to the Debtor instead of to the trust. Therefore, the Court concludes that Healix has failed to satisfy its burden to prove that the account represents property of the Debtor.

In light of that conclusion, the Court need not reach the issue of whether the funds in the account are otherwise exempt from garnishment under Kansas law. The Court

7

notes, however, that if the account were considered property of the Debtor, it appears, on the record before the Court, that such property would be exempt under K.S.A. § 60-2308(b) as a retirement plan qualified under Section 401(a) of the Internal Revenue Code.[4] As noted above, the Debtor submitted evidence that the IRS determined that the plan did qualify under Section 401. At the hearing, Healix argued that the plan does not meet Section 401's requirement that the employer be unincorporated, and it submitted evidence of the Debtor's incorporation. Section 401 does not require that the employer be unincorporated, however. *See* 26 U.S.C. § 401. Rather, in the provisions cited by Healix, the statute states that, for purposes of an extra requirement for satisfaction of Section 401, the term "owner-employee" means an employee who "owns the entire interest in an unincorporated trade or business," and an individual "who owns the entire interest in an unincorporated trade or business shall be treated as his own employer." *See id.* § 401(c)(3)-(4), (d). Section 401 does not state that it applies only in the case of an unincorporated employer. No other basis has been cited to counter the evidence of the IRS's favorable determination under Section 401, which evidence would qualify the plan for an exemption from garnishment under Kansas law.

For these reasons, the Court concludes that Healix has not met its burden to disprove the statement that UMB holds no assets belonging or owing to the Debtor. In light of that conclusion, there is no basis for the Court to order garnishment of funds in

---

[4]The parties agree that the plan would not be exempt as an ERISA plan.

the UMB account at issue.

IT IS THEREFORE ORDERED BY THE COURT THAT Healix has not carried its burden to disprove the statements in UMB's answer to the garnishment order, and therefore the Court declines to order that any funds held by UMB be subject to garnishment in this action.

IT IS SO ORDERED.

Dated this 3rd day of April, 2014, in Kansas City, Kansas.

<pre>
                                        s/ John W. Lungstrum
                                        John W. Lungstrum
                                        United States District Judge
</pre>